DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:00 CR 125 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Robert Sanders, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      The defendant, Robert Sanders, was sentenced by this court by a judgment dated August 15, 2000 to a total of 235 months in prison and ten years supervised release. Initially, the defendant faced a mandatory minimum sentence of 240 months, but the defendant was the beneficiary of a 5K1.1 motion by the government for a downward departure for substantial assistance, which the Court granted. Consequently, the defendant's sentence for the crack cocaine offense was based on an offense level 30 and criminal history category VI, adding for a range 168 to 210 months.

      The quantity of crack cocaine involved in the defendant's sentence was 443.9 grams.

      Based on the Fair Sentencing Act, a quantity of 443.9 grams of crack cocaine results in a revised offense level 32. As the defendant was granted a three-level downward adjustment for acceptance of responsibility, and a four-level departure for substantial assistance, the defendant's total offense level is now adjusted to 25, and together with a criminal history category VI, results in an amended guideline range from 110 to 137 months.

      The Court acknowledges that the government opposes the motion based on the fact that

(1:00 CR 125

the defendant was initially subject to a mandatory minimum sentence and therefore, is not eligible for the application of the Fair Sentencing Amendment.

Despite the government's view, it is the Court's position that once the government moves for a downward departure under the provisions of 5K1.1 and the Court grants the motion, the defendant is subsequently entitled to consideration for re-sentencing under the Fair Sentencing Amendment.

Even though a defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction in sentence is not automatic.

A district court's discretion is set forth in Section 3582(c)(2) itself, with provides:

> [I]n the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant ... the court **may** reduce the
> term of imprisonment, after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, if such a
> reduction is consistent with applicable policy statements issued by
> the Sentencing Commission. (Emphasis added.)

In making its determination whether it will impose an amended sentence or retain the original sentence, "the court shall consider the factors st forth in 18 U.S.C. § 3553(a)." U.S.S.G. § 1B1.10 Appl. Note 1(B)(i). The court must also evaluate public safety concerns:

> Public Safety Consideration.-The court shall consider the nature
> and seriousness of the danger to any person or the community that
> may be posed by a reduction in the defendant's term of
> imprisonment in determining:
>
> (I) whether such a reduction is warranted; and (II) the extent of
> such reduction, but only within the limits described in subsection

(1:00 CR 125

        (b).

U.S.S.G. § 1B1.10 appl. Note 1(B)(ii). The court may, however, consider post-sentencing conduct:

> <u>Post-sentencing Conduct.</u>-The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but only within the limits described in subsection (b).

U.S.S.G. § 1B1.10 appl. Note 1(B)(iii). Whereas district courts are required to evaluate public safety considerations, district court may consider post-sentencing conduct and certainly are not required to grant a defendant's sentence reduction, as that decision is discretionary. 18 U.S.C. § 3582(c)(2); <u>Usery</u>, 109 F.3d at 1137.

The defendant's motion for a reduction of his sentence (ECF 25) indicates that he has diligently attempted to better himself while incarcerated.

Consequently, the Court will reduce the term of imprisonment for his crack cocaine offense to 110 months. However, the Court points out that the defendant still is required to complete his consecutive sentence of 60 months for his conviction relating the firearm.

(1:00 CR 125

Consequently, the defendant's total sentence is now reduced to a term of 170 months with ten years supervised release..

    The Court will publish separately a judgment entry reflecting this decision.


    IT IS SO ORDERED.


|  May 22, 2012  |  */s/ David D. Dowd, Jr.*  |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |